# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **IN RE DAVID L. SCYPHERS** ) | Case No. 1:06MC00080 |
| ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| ) | By: James P. Jones |
| ) | Chief United States District Judge |

*William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for United States; David L. Scyphers, Abingdon, Virginia, Pro Se.*

The question before the court is whether an attorney should be held in criminal contempt after missing a hearing before a magistrate judge.

Pursuant to 28 U.S.C.A. § 636(e)(6)(B) (West 2006), the magistrate judge entered a show cause order on November 9, 2006, returnable before the undersigned district judge, directing attorney David L. Scyphers to show cause why he should not be held in contempt for failing to appear for his client's arraignment in a criminal case pending before the magistrate judge.[1] In accord with the statute, the magistrate judge certified the following facts:

1. David Tryon Richmond was arrested and appeared before the [magistrate judge] for an initial appearance on September 20,

---

[1] An attorney's failure to appear in court as scheduled is not a direct contempt that can be punished summarily. *United States v. Willett*, 432 F.2d 202, 205 (4th Cir. 1970). Thus, a magistrate judge must certify the matter to a district judge. *See* 28 U.S.C.A. § 636(e)(6) (West 2006).

2006. At that initial appearance, the defendant's arraignment was scheduled for 10 a.m., September 28, 2006. The defendant was released on bond and ordered to appear with retained counsel at his arraignment;

2. On September 21, 2006, a notice of the September 28, 2006, arraignment was docketed in Richmond's criminal case;

3. On September 26, 2006, Scyphers filed a Notice of Attorney Appearance in the case. Scyphers did not notify the court that he could not be present at the previously scheduled arraignment, and he did not request a continuance of the arraignment;

4. On September 28, 2006, neither Scyphers nor Richmond appeared for the arraignment. A warrant was issued for Richmond's arrest. When Richmond was notified that a warrant had been issued based on his failure to appear, Richmond appeared before the court and stated that he had not appeared as scheduled earlier in the day because he had been instructed by Scyphers's staff that he did not have to appear for the arraignment;

5. When Scyphers appeared before the undersigned on October 10, 2006, he admitted that, when he was retained to represent Richmond, he knew that he would be out of town and would not be available to attend the September 28, 2006, arraignment. Scyphers stated that he instructed his staff to file a notice of appearance and a motion to continue the arraignment with the court. Scyphers stated that he reviewed the notice of appearance before it was filed, but he did not review a motion for continuance. Scyphers stated that his staff did not file a motion to continue as instructed based on his assistant's mistaken belief that it was not necessary. Scyphers admitted that he did not personally consult with the Clerk's Office staff or the court's docket to determine if a motion to continue the arraignment had been filed or had been granted. Instead, he simply relied on his staff's mistaken representations that the matter had been addressed; and

- 2 -

Case 1:06-mc-00080-JPJ   Document 11   Filed 12/19/06   Page 2 of 5   Pageid#: 26

6. This is the second time in six months in which Scyphers has failed to appear as scheduled before the [magistrate judge] on a criminal matter.

(Order to Show Cause, Nov. 9, 2006.)

On the return day of the show cause order, this court heard additional evidence and argument. This opinion and order constitutes the decision in the matter.

To prove a case of criminal contempt, the government must show "(1) that the court entered a lawful order of reasonable specificity; (2) the order was violated; and (3) the violation was willful." *United States v. Maynard*, 933 F.2d 918, 920 (11th Cir. 1991) (internal quotation omitted). The attorney here does not contest the certified facts and argues only that his failure to appear was not willful because it occurred as a result of a mistake of his law firm's staff.

In his sworn testimony at the show cause hearing, the attorney explained his staff's mistake as follows. The practice in the state courts in which the attorney and his firm more routinely appear is that once an attorney has entered an appearance in a criminal case, the arraignment previously scheduled, if any, is cancelled automatically, so that the new attorney's schedule may be consulted. The attorney's staff member assisting him in the federal case in question was under the mistaken impression that the same practice was followed before the magistrate judge in this

court, that is, that the filing of the notice of appearance would automatically continue the previously-scheduled date for the arraignment.

The attorney had previously missed a court hearing before the magistrate judge on April 3, 2006, in a different case. That mistake, the attorney testified, was due to a different reason—a staff member simply failed to place the hearing date on his calendar. The attorney testified that he had undertaken to see that such mistakes did not happen in the future by delegating each calendar matter to more than one staff member, as a redundancy safeguard.

The attorney advised the court that he had not had a similar occurrence such as these two in the prior twenty-seven years that he had practiced law; that he was very upset and chagrined about the circumstances; and that he had forcefully emphasized to his staff the importance of strict attention to these matters.

An attorney has the duty to properly instruct and train his staff so that mistakes of this kind do not occur. Repeated mistakes by staff members may be sufficient to show that the supervising attorney is in reckless disregard of his duty to obey orders of the court, which is the equivalent of willfulness. *See In re Adams*, 505 F.2d 949, 949 (5th Cir. 1974). Under the circumstances of this case, however, and in light of his explanations, I find that the attorney is not guilty of criminal contempt.

- 4 -

Case 1:06-mc-00080-JPJ   Document 11   Filed 12/19/06   Page 4 of 5   Pageid#: 28

It must be emphasized, however, that I do not condone the attorney's failures to appear and I strongly admonish him against further similar omissions.

It is so **ORDERED**.

ENTER: December 19, 2006

/s/ JAMES P. JONES
Chief United States District Judge